UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN JAMISON,

    Plaintiff,

v.                                          CASE NO. 8:13-cv-2424-T-23AEP

DEPUTY M. DeJESUS, *et al.*,

    Defendants.
_____/

## **O R D E R**

Jamison moves for the appointment of counsel (Doc. 16). Jamison is imprisoned. Because his liberty is not jeopardized if he loses this civil rights action, Jamison has no right to the appointment of counsel. "The pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). A civil litigant has no absolute constitutional right to counsel because a Section 1983 action is civil in nature and the plaintiff's physical liberty is not jeopardized. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

The fundamental fairness requirement of the due process clause of the Fourteenth Amendment to the United States Constitution mandates appointment of counsel only in "exceptional circumstances." *Lassiter*, 452 U.S. at 31. *See Steele v.*

*Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996).  The existence of "exceptional circumstances" depends upon the type and complexity of the case and the ability of the *pro se* plaintiff.  *Branch v. Cole*, 686 F.2d 264, 266  (5th Cir. 1982).[*]  Jamison fails to meet his burden of proving "exceptional circumstances" requiring the appointment of counsel.

Additionally Jamison moves to stay this action (Doc. 15) pending the outcome of an internal investigation.  Jamison's allegation of a civil rights violation is based on an incident that happened nearly two years ago.  Jamison does not reveal when the internal investigation began or when the internal investigation might end.

Accordingly, Jamison's motion to stay this action (Doc. 15) and his motion for the appointment of counsel (Doc. 16) are **DENIED**.

ORDERED in Tampa, Florida, on March 13, 2014.

>                             _____
>                             STEVEN D. MERRYDAY
>                             UNITED STATES DISTRICT JUDGE

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).